IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SALLIJO FREEMAN,

                Plaintiffs,

v.                         Civil Action Number 3:09CV687

AQUA AMERICA, INC., *et al.*,

                Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the following motions: motion to dismiss filed by Defendants Aqua Utilities, Inc., Alpha Water Corp., AQUA S/L Inc., aka Shawnee Land, Aqua Utility-Virginia, Inc., Blue Ridge Utility Company, Caroline Utilities, Inc., Earlysville Forest Water Company, Heritage Homes of Virginia, Inc., Indian River Water Company, James River Service Corporation, Aqua Lake Holiday Utilities, Inc., Land'Or Utility Company, Inc., Mountainview Water Company, Inc., Powhatan Water Works, Inc., Rainbow Forest Water Corporation, Sydnor Water Corporation, Water Distributors, Inc., Mayfore Water Company, Inc., Reston/Lake Anne Air Conditions Corp., Ellerson Wells, Inc., Sydnor Hydrodynamics, Inc., Mr. Brown, Agent of Aqua America, Inc. and Individually (collectively referred to as "Aqua America Defendants") (Docket No. 9); Defendant Western Union's motion to dismiss (Docket No. 16); *pro se* Plaintiff Sallijo Freeman's ("Freeman" or "Plaintiff") motions and responses in opposition to the motions to dismiss (Docket Nos. 14 & 21); Plaintiff's motion for hearing (Docket No. 15); and Plaintiff's motion for temporary injunction (Docket No. 22). The Court finds that the decision-making process would not be aided by oral argument and, therefore, the motion for a hearing will be denied. For the reasons

1

stated herein, the Defendants' motions to dismiss the amended complaint will be granted pursuant to Federal Rule of Civil Procedure 12(b)(1).

This case involves a dispute relating to water service. Freeman has sued twenty-four defendants based on claims of "breach of contract, reckless endangerment of the health of the plaintiff," violations of Virginia Code §56-247.1 and §56-234, and "violation of the anti-trust acts – formation of a cartel." Am. Compl. at ¶¶ 2-8. Freeman also purports to allege a "violation of the American Disabilities Act." Am. Compl. at ¶1(A)(c).

Except for Defendant Western Union, the defendants are public utilities providing water service across the Commonwealth and certain entities related to those utility providers. According to the Aqua America Defendants' information and belief, Plaintiff is a customer of Land 'Or Utility Company, Inc. but not any of the other Virginia water utility companies named as a defendant. By Order dated December 14, 2009, the Virginia State Corporation Commission ("SCC") approved the merger of all of Aqua America, Inc.'s regulated water and sewer utilities in Virginia into a single entity. This merger is likely the "acquisition" and "cartel" to which the Amended Complaint refers. Am. Compl. at ¶1(B).

Before this matter may proceed, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this controversy. With regard to jurisdiction, the amended complaint states that there is diversity of citizenship. However, a review of the pleadings shows that the plaintiff is a Virginia citizen and that at least ten of the defendant corporations are Virginia corporations. Therefore, there is not complete diversity, so there is no subject matter jurisdiction based on diversity of citizenship.

Plaintiff also claims that there is federal question jurisdiction. She states as follows:

      (a) Constitutional Question of one company ownership of all
      (b) Water rights in one area (Federal Question)
      (c) Violation of the American Disabilities Act

Am. Compl. at ¶1(A)(a)-(c). Despite these purported jurisdictional statements, the matter does not "arise under" the Constitution or federal law so as to confer federal question subject matter jurisdiction on the Court pursuant to 28 U.S.C. § 1331. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). In *Mottley*, the Court noted "that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Mottley*, 211 U.S. at 152; s*ee also Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) (noting that "the face of the complaint [must] raise[] a federal question"). Moreover, if the federal claim "is so feeble, so transparent an attempt to move a state-law dispute to federal court . . . it does not arise under federal law at all." *Oak Park Trust & Sav. Bank v. Therkildsen*, 209 F.3d 648, 650 (7th Cir. 2000).

      Such is the case here. While Plaintiff mentions the Constitution and several federal statutes in the portion of her Amended Complaint related to jurisdiction and later on in paragraph 8 where she states "violation of the anti trust acts – formation of a cartel," there are no substantive factual allegations in support of any claims related to the Constitution or the federal statutes. The fact that a complaint contains a reference to federal statutes is insufficient to create federal question jurisdiction. *See McCartney v. West Virginia*, 156 F.2d 739, 741 (4th Cir. 1946) ("Mere references to the federal Constitution, laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction. The federal courts have been vigilant to protect their jurisdiction against cases in which the alleged federal question is purely fictitious.") (citations omitted).

In sum, therefore, the Court lacks subject matter jurisdiction in this matter. Accordingly, the motions to dismiss will be granted, and this matter will be dismissed for lack of subject matter jurisdiction.

Further, even if there were subject matter jurisdiction, this matter would be dismissed for failure to state a claim for relief that is plausible on the face of the complaint. Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading. It provides that "a pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8. Therefore, to survive a motion to dismiss, a complaint must contain enough allegations of fact to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[.]" *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 556 U.S. at ----, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

As this Court recently noted "the *Iqbal/Twombly* standard applies to *pro se* litigants as well as represented parties, with the caveat that, as always, *pro se* pleadings are to be liberally construed." *Smith v. Virginia*, No. 3:08cv800, 2009 WL 2175759, *2 (E.D. Va. 2009) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008)), *aff'd*, No. 09-1902, 2009 WL 4269861 (4th Cir. 2009). The Fourth Circuit, in "applying the *Twombly* standard, has emphasized that the complaint must 'allege' enough facts to state a claim for relief that is plausible on its face" and "[i]n deciding the motion, a court 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (quoting *Giarratano*, 521 F.3d at 302). Plaintiff's conclusory statements are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusations" the Supreme Court forbade in *Iqbal*, 556 U.S. at ----, 129 S.Ct. at 1949-50. Freeman fails to describe facts to link her conclusions to the defendants named in this case. Accordingly, if there were subject matter jurisdiction, this matter would be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for relief that is plausible on the face of the complaint.

Further, if there were subject matter jurisdiction, the Amended Complaint should also be dismissed because the claims should be heard before the SCC. Plaintiff's claims arise out of a dispute with a public utility over the performance of its public duties, the supply of water, and should be asserted in the SCC. Under Virginia law, the SCC, sitting as a court of record, has the power, subject to an appeal of right to the Supreme Court of Virginia under Virginia Code Ann. § 12.1-39, to hear complaints by a customer against a utility regarding the utility's performance of its public duties. *See* Virginia Code Ann. §§ 56-6 and 56-35. Such claims that the defendants committed violations of Virginia Code § 56-247.1 and § 56-234 should be heard by the SCC. Additionally, neither lower Virginia courts nor federal courts have jurisdiction to review SCC

decisions. *See* CONSTITUTION OF VIRGINIA (1971), Art. 9, §§ 2, 4 ("All appeals from the Commission shall be to the Supreme Court only" and "[n]o other court of the Commonwealth shall have jurisdiction to review, reverse, correct, or annul any action of the Commission . . . ."); *see also Gahres v. Phico Ins. Co.*, 672 F. Supp. 249, 251 (E.D. Va. 1987). In addition, the SCC has experience with the complex laws governing the regulation of public utilities and, even if this Court had jurisdiction to hear this matter, it would abstain under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) or under the doctrine of primary jurisdiction, which directs courts to refrain from hearing matters arising under a regulatory scheme that has been placed under the oversight of a specific agency. *See Reynolds Metals Co. v. Commonwealth Gas Servs., Inc.*, 682 F. Supp. 291, 294-95 (E.D. Va. 1988) (addressing the doctrine of primary jurisdiction with regard to the SCC).

Moreover, Plaintiff's Amended Complaint fails to state a cause of action for any of the claims mentioned in her Amended Complaint. She fails to plead a cause of action for breach of contract and does not reference or attach any contract. "Reckless endangerment of the health of the Plaintiff" is not a civil cause of action recognized in Virginia. As to her claims under Title 56, even assuming such claims could be heard in this Court, she has failed to plead facts to support such claims. She also fails to adequately plead violations of the antitrust laws. Finally, although she mentions a "violation of the American Disabilities Act," she fails to allege any nexus between a disability and an act of discrimination by any of the defendants. Therefore, if this Court had subject matter jurisdiction, these claims would be dismissed for failure to state a claim upon which relief can be granted.

An appropriate Final Order shall issue.

| | |
|---|---|
| June 9, 2010 | /s/ |
| DATE | RICHARD L. WILLIAMS |
| | SENIOR UNITED STATES DISTRICT JUDGE |